# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLE LEIB, KEVIN BROKENSHIRE, and DIANE WEIGLEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GEISINGER HEALTH and EVANGELICAL COMMUNITY HOSPITAL,<br><br>    Defendants. | Case No. 4:21-cv-00196-MWB |
| JESSICA SAUER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GEISINGER HEALTH and EVANGELICAL COMMUNITY HOSPITAL,<br><br>    Defendants. | Case No. 4:21-cv-00263-MWB |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF CASE MANAGEMENT ORDER NO. 1

# TABLE OF CONTENTS

I.      INTRODUCTION .......................................................................................1

II.     BACKGROUND .........................................................................................3

III.    CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42(a) IS
        APPROPRIATE ...........................................................................................6

IV.     APPOINTMENT OF INTERIM CO-LEAD COUNSEL WILL
        PROMOTE EFFICIENCY ...........................................................................7

        A.    Proposed Co-Lead Class Counsel Have Undertaken the Investigation
              and Research Underpinning this Litigation...........................................9

        B.    Proposed Co-Lead Class Counsel Have Substantial Experience in
              Leading the Prosecution of Antitrust Class Actions, and Are
              Leading Figures in the Antitrust and Employment Law Bars ...........10

              1.    Berger Montague PC.................................................................10

              2.    Cotchett, Pitre & McCarthy LLP ("CPM") .............................15

        C.    Proposed Co-Lead Class Counsel Will Commit the Substantial
              Resources Necessary to Prosecute this Action...................................18

V.      CONCLUSION ........................................................................................19

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
  240 F.R.D. 56 (E.D.N.Y. 2006) ......................................................................8

*Burns v. Cole*,
  No. 08-cv-4807, 2009 U.S. Dist. LEXIS 89897 (D.N.J. Sept. 28, 2009) .......6

*Parkinson v. Hyundai Motor Am.*,
  No. CV06-345AHS (MLGx), 2006 U.S. Dist. LEXIS 59055 (C.D. Cal.
  Aug. 7, 2006) ................................................................................................8

*In re Sterling Fin. Corp. Sec. Class Action*,
  No. 07-cv-1879, 2007 U.S. Dist. LEXIS 93708 (E.D. Pa. Dec. 21, 2007).....6

**Rules**

Fed. R. Civ. P. 23(g) ..................................................................... *passim*

Fed. R. Civ. P. 42(a).................................................................... 1, 6, 7

**Other Authorities**

Manual for Complex Litigation (4th ed. 2004)......................................2, 8

## I.      INTRODUCTION

Plaintiffs Nichole Leib, Kevin Brokenshire, Diane Weigley, and Jessica Sauer ("Plaintiffs") respectfully submit this Memorandum of Law in support of Plaintiffs' Unopposed Motion for Entry of Case Management Order No. 1: (1) consolidating *Leib, et al. v. Geisinger Health, et al.*, 4:21-cv-00196-MWB (M.D. Pa.) and *Sauer v. Geisinger Health, et al.*, 4:21-cv-00263-MWB (M.D. Pa.), pursuant to Fed. R. Civ. P. 42(a), and creating a consolidated docket for any actions that are based on substantially the same facts and allegations against Defendants that may subsequently be filed in, transferred to, or removed to this Court; and (2) appointing Berger Montague PC and Cotchett, Pitre & McCarthy, LLP ("Proposed Co-Lead Class Counsel") as Interim Co-Lead Class Counsel for the proposed Class in the consolidated action, pursuant to Fed. R. Civ. P. 23(g). Defendants Geisinger Health and Evangelical Community Hospital ("Defendants") do not oppose this motion.

The consolidation of these related actions, and any subsequently filed actions raising the same or similar claims, is warranted because they necessarily involve common questions of law and fact, and consolidation would not result in any prejudice to Defendants. Moreover, maintaining separate actions based on the same facts, and seeking the same relief on behalf of the same proposed class,

would inevitably result in the waste of judicial resources and the unnecessary creation of administrative confusion for both the Court and the parties.

Appointment of interim co-lead class counsel under Fed. R. Civ. P. 23(g) also is common in complex class cases (like this case), and it is appropriate here. "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litigation*, §21.11 at 246 (4th ed. 2004) ("*Manual*"). Appointing interim class counsel thus ensures a coordinated approach to responding to any Rule 12 motions, proposing schedules and discovery plans, preparing the class certification motion, and negotiating with Defendants and nonparties regarding the scope of discovery. As noted, counsel for Plaintiff *Sauer* are signatories to this Motion and support the appointment of the undersigned firms to serve as court appointed interim co-lead class counsel, and proposed co-lead class counsel will involve the lawyers for *Sauer* as appropriate.

Defendants have each hired prominent law firms to represent them. They have teams of attorneys from offices around the country who have made appearances to date. There is little doubt that this case will be aggressively litigated. The proposed class needs experienced and accomplished advocates with the resources to litigate this important case. Proposed Interim Co-Lead Class

Counsel fit that bill. The two law firms seeking to lead the case on behalf of the proposed Class are some of the most prominent, talented, well-resourced, and experienced plaintiffs' antitrust law firms in the country. As demonstrated by their efforts on behalf of Plaintiffs in this litigation to date (including their investigation into the underlying legal and factual claims), and as set forth in detail in their respective Declarations and firm resumes, Proposed Interim Co-Lead Class Counsel have the collective talent and resources to prosecute these antitrust claims.

For all those reasons, as explained more fully below, Plaintiffs respectfully request that the Court: (1) create a consolidated docket for related actions against Defendants, and (2) appoint Proposed Interim Co-Lead Class Counsel as Interim Co-Lead Counsel pursuant to Fed. R. Civ. P. 23(g).

## II.    BACKGROUND

On February 3, 2021, three registered nurses who have collectively worked for Defendants for more than two decades filed the first case, *Leib, et al. v. Geisinger Health, et al.*, 4:21-cv-00196-MWB (M.D. Pa.) (the "*Leib* Action"), the first of the two proposed class actions pending in this Court. On February 12, 2021, Jessica Sauer, who worked for Geisinger as a nursing assistant in 2019-2020, filed the second case, *Sauer v. Geisinger Health, et al.*, 4:21-cv-00263-MWB (M.D. Pa.) (the "*Sauer* Action"). Both complaints assert claims under the federal antitrust laws and the laws of the Commonwealth of Pennsylvania and allege that

Defendants agreed (the "No-Poach Agreement") not to recruit or hire ("poach") each other's physicians, nurses, psychologists, therapists, and other healthcare professionals ("Healthcare Workers"). *See* Complaint, *Leib* Action (ECF No. 1) ("*Leib* Compl."), ¶¶1-3, 12; Complaint, *Sauer* Action (ECF No. 1) ("*Sauer* Compl."), ¶¶1-3, 12. Plaintiffs in both cases bring this case on behalf of themselves and the same proposed Class of similarly situated Healthcare Workers who worked for either Defendant during the period May 2015 to the present. *Leib* Compl. ¶66; *Sauer* Compl. ¶63.

The alleged No-Poach Agreement is *per se* illegal under the Sherman Act, and it injured Plaintiffs and Class members by suppressing competition to obtain the labor of Healthcare Workers, and thereby, suppressing job mobility and compensation for all of Defendants' Healthcare Workers. *Leib* Compl. ¶¶76-79; *Sauer* Compl. ¶¶76-78, 83. The Department of Justice ("DOJ") has recently issued the following guidance about the anticompetitive effects of no-poach agreements, like the one at issue in this case: "When companies agree not to hire or recruit one another's employees, they are agreeing not to compete for those employees' labor. Robbing employees of labor market competition deprives them of job opportunities, information, and the ability to use competing offers to negotiate better terms of employment. Under the antitrust laws, the same rules apply when

employers compete for talent in labor markets as when they compete to sell goods and services."[1]

In August 2020, the United States Department of Justice filed a civil antitrust action in this District seeking to enjoin Geisinger Health's partial acquisition of Evangelical Community Hospital. Complaint, *United States v. Geisinger Health, et al.*, No. 4:20-cv-01383-MWB, ECF No. 1 (M.D. Pa. Aug. 5, 2020). The DOJ Complaint alleges a history of collusion between these Defendants—in particular, that Geisinger and Evangelical have a history of "picking and choosing when to compete with each other"—including that Defendants' senior executives secretly entered into and enforced the No-Poach Agreement that is the focus of this case. *Id*. at ¶¶40-42.

Proposed Co-Lead Class Counsel helped Plaintiffs Nichole Leib, Kevin Brokenshire, and Diane Weigley investigate the factual and legal basis for their claims, and filed the *Leib* Complaint on their behalf on February 3, 2021. *See Leib* Compl. Since then, Plaintiffs have taken meaningful steps to organize and prosecute these claims and protect the interests of Plaintiffs and other class members. Proposed Co-Lead Class Counsel have privately ordered themselves by creating an organizational structure to manage the day-to-day litigation efficiently

---

[1] U.S. Dep't of Justice, *No-Poach Approach*, Antitrust Div. Update Spring 2019 (updated Sept. 30, 2019), https://www.justice.gov/atr/division-operations/division-update-spring-2019/no-poach-approach.

and effectively. Appointment of Proposed Co-Lead Class Counsel will provide the legal representation needed to fight for the just compensation for Plaintiffs and the proposed Class.

## III. CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42(a) IS APPROPRIATE

The *Leib* and the *Sauer* Actions should be consolidated under Fed. R. Civ. P. 42(a) because they involve identical questions of law and fact, and it would be efficient and fair to do so. Rule 42(a) authorizes consolidation of two or more cases that present a "common question of law or fact." Fed. R. Civ. P. 42(a). "[T]he purpose of consolidation is 'to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.'" *Burns v. Cole*, No. 08-cv-4807, 2009 U.S. Dist. LEXIS 89897, at *3 (D.N.J. Sept. 28, 2009) (quoting *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999)). This Court has broad discretion to determine whether consolidation is appropriate. *See In re Sterling Fin. Corp. Sec. Class Action*, No. 07-cv-1879, 2007 U.S. Dist. LEXIS 93708, at *6-7 (E.D. Pa. Dec. 21, 2007) (consolidating "class actions centered on the same set of facts and legal issues" because "[m]aintaining separate actions will inevitably result in the waste [of] judicial resources and create administrative confusion for both the court and the parties" and "[c]onsolidation would therefore facilitate the administration of justice and promote judicial economy without any foreseeable prejudice").

Consolidation is warranted here because the actions arise from the same set of facts and circumstances. Indeed, the Complaints in both cases contain virtually identical allegations regarding Defendants' conduct, the nature of the marketplace for healthcare and Healthcare Workers in Central Pennsylvania, the definition of the proposed Class, and the effect of Defendants' alleged conduct on the proposed Class. Thus, the two actions will necessarily involve common questions of law and fact, and consolidation will promote the conservation of judicial and party resources in these cases and ensure efficiency in prosecution and final disposition. Defendants support the motion for consolidation. Consequently, Plaintiffs respectfully request that the Court grant the motion to consolidate under Rule 42(a).

## IV.  APPOINTMENT OF INTERIM CO-LEAD COUNSEL WILL PROMOTE EFFICIENCY

Under Fed. R. Civ. P. 23(g)(3), a court has discretion whether to appoint class counsel before class certification.[2] The "designation of interim counsel

---

[2] Courts may, and typically do, designate interim class counsel to act on behalf of a proposed class before determining whether to certify the action as a class action. Fed. R. Civ. P. 23(g)(3). While neither Rule 23(g) nor the Advisory Committee Notes explicitly set forth the standards to be applied in choosing *interim* class counsel, courts have held that the same factors that apply in choosing class counsel upon class certification apply in choosing interim class counsel. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in Rule

clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual* §21.11 at 246. By appointing Proposed Co-Lead Class Counsel as Interim Co-Lead Class Counsel, the Court will ensure that the litigation is conducted in an organized and efficient manner by skillful and experienced counsel.

A court considering the appointment of class counsel must consider the following criteria: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The focus in appointing lead counsel should be on the best interests of the parties and the Court.

The most common and desirable means of selecting class counsel is "private ordering." *Manual* §21.272 at 279. "The lawyers agree who should be lead class

---

23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."); *Parkinson v. Hyundai Motor Am.*, No. CV06-345AHS (MLGx), 2006 U.S. Dist. LEXIS 59055, at *6 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably the same factors apply, however.").

counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests." *Id.* Efforts of counsel to coordinate among themselves are to be "encouraged." *Id.* §10.22 at 24.

### A.   Proposed Co-Lead Class Counsel Have Undertaken the Investigation and Research Underpinning this Litigation

Proposed Co-Lead Class Counsel have demonstrated the ability to work cooperatively with each other, with counsel for Plaintiff Sauer, and with Defendants' counsel. Fed. R. Civ. P. 23(g) (1)(A)(i) directs the Court to consider "the work counsel has done in identifying or investigating" claims in the present action when weighing the appointment of lead counsel. Proposed Co-Lead Class Counsel investigated the underlying facts and law, and on Plaintiffs' behalf, filed the first civil lawsuit against Defendants stemming from the No-Poach Agreement. *See* Declaration of Eric L. Cramer, Esq. ("Cramer Decl.") ¶3; Declaration of Adam J. Zapala, Esq. ("Zapala Decl.") ¶3. Proposed Co-Lead Class Counsel also conferred with counsel in the *Sauer* case regarding their investigation of the factual and legal bases for, and filing of, the *Sauer* complaint. Proposed Co-Lead Class Counsel then negotiated and coordinated with counsel for Defendants to propose a schedule for the litigation. Proposed Co-Lead Class Counsel have also discussed among themselves, and intend to implement, case management protocols, including for reporting time and expenses, to ensure efficient and cost-effective prosecution.

**B.    Proposed Co-Lead Class Counsel Have Substantial Experience in Leading the Prosecution of Antitrust Class Actions, and Are Leading Figures in the Antitrust and Employment Law Bars**

Proposed Co-Lead Class Counsel have decades of substantial experience prosecuting complex litigation on behalf of plaintiffs in a wide range of antitrust and other types of class action litigation. Fed. R. Civ. P. 23(g)(1)(A)(ii) directs the Court to consider proposed class counsel's experience "in handling class actions, other complex litigation, and the types of claims asserted in the [present] action[.]" Similarly, Fed. R. Civ. P. 23(g)(1)(A)(iii) directs the Court to consider "counsel's knowledge of the applicable law" in the present case.

Proposed Co-Lead Class Counsel are unquestionably well-qualified to litigate this matter effectively. As detailed in the Cramer and Zapala Declarations, and as summarized below, Proposed Co-Lead Class Counsel have generated billions of dollars in settlements and verdicts for their clients in some of the largest and most complex class actions in federal courts and have the necessary experience and resources to prosecute this litigation.

**1.    Berger Montague PC**

Described by *Chambers & Partners* as a "[b]outique firm with deep expertise in complex antitrust litigation," Berger Montague pioneered the antitrust class action and has been engaged in the practice of complex and class action litigation for more than fifty years. *See* Cramer Decl. ¶5. Since its founding by

David Berger—one of the "fathers of the class action practice"—Berger Montague has been a leading national advocate for clients and class members in many of the most important complex antitrust cases ever litigated, including, more recently, the largest private antitrust settlement ever achieved (approximately $5.62 billion) in *In re Payment Card*, MDL No. 1720 (E.D.N.Y.). *Id.*

*The Legal 500* has recommended Berger Montague as a "Top Tier Firm" for representing plaintiffs in antitrust class action litigation and describes the firm as "excellent," "easy to deal with," and "noted for the depth of its team." Cramer Decl. ¶6. Beginning in 2018 and each year thereafter, *The National Law Journal* and Law.com have included Berger Montague in its list of "Elite Trial Lawyers" recognizing law firms that "have done exemplary and cutting-edge work on behalf of their clients and are established leaders in the area of plaintiff law." *Id.* Similarly, *Chambers & Partners* has repeatedly named the Firm a leading antitrust law firm for many years. In 2020, Law360 named Berger Montague "2020 Competition Practice Group of the Year."

The firm has extensive experience litigating complex cases in the health care industry, including over a dozen antitrust cases involving pharmaceuticals and vaccines. The firm also has extensive experience representing classes of workers in antitrust cases. For instance, Berger Montague lawyers, including those involved in this case, served as class counsel in *In re High Tech Employee*

*Antitrust Litigation*, No. 11-cv-2509 (N.D. Cal.), resulting in settlements totaling

$435 million for tech industry employees whose compensation was suppressed

through illegal no-poach agreements. In recent years, the firm also served as co-

lead counsel in *Johnson v. Arizona Hospital & Healthcare Association*, No. 07-

cv-1292 (D. Ariz.), which resulted in settlements totaling more than $23 million

for nurses whose wages were suppressed through illegal wage-fixing

agreements—settlements that also instituted critical safeguards protecting class

members from any reoccurrence of the anticompetitive conduct.

The firm is currently serving as co-lead class counsel in the following

antitrust actions alleging that workers' compensation was suppressed through

anticompetitive conduct, including "no poach" agreements:

- *Le v. Zuffa, LLC*, No. 15-cv-01045 (D. Nev.) (representing a class of professional mixed martial arts fighters alleging that the Ultimate Fighting Championship used an anticompetitive scheme to suppress athlete compensation)

- *In re: Broiler Chicken Grower Antitrust Litigation*, MDL No. 6:20-2977-RJS-CMR (E.D. Okla.) (representing a proposed class of broiler chicken growers alleging that chicken broiler integrator firms conspired to suppress grower compensation through "no poach" agreements and information sharing)

- *Giordano, et al. v. Saks Incorporated, et al.*, No. 1:20-cv-00833 (E.D.N.Y.) (representing a proposed class of Luxury Retail Employees alleging that employers conspired to suppress employee compensation through "no poach" agreements)

Berger Montague has also been named lead counsel or co-lead counsel in more

than 100 actions alleging that classes of workers were not paid the compensation they were owed under relevant employment statutes. *See* Cramer Decl. ¶7.

**Eric L. Cramer**, who is the Firm's Chairman and Co-Chair of the Firm's antitrust department, has a national practice in the field of complex litigation, primarily in the area of antitrust class actions. In 2020, Law360 named him a *Titan of the Plaintiffs' Bar*. In 2019, the National Law Journal awarded Mr. Cramer the Keith Givens Visionary Award, which honors an outstanding trial lawyer who has moved the industry forward through his or her work within the legal industry ecosystem, demonstrating excellence in all aspects of work from the client advocacy to peer education and mentoring. In 2018, *Best Lawyers* named him Philadelphia's antitrust "Lawyer of the Year," and in 2017, he won the American Antitrust Institute's Antitrust Enforcement Award for Outstanding Antitrust Litigation Achievement in Private Law Practice. *Chambers & Partners* has repeatedly ranked Mr. Cramer as in the top tier in the field of antitrust nationally; since 2011, *The Legal 500* has selected him as one of the country's top lawyers in the field of complex antitrust litigation. *Chambers & Partners* has observed that Mr. Cramer is "really a tremendous advocate in the courtroom, with a very good mind and presence." Cramer Decl. ¶8.

Mr. Cramer has prosecuted multiple complex antitrust matters and is responsible for winning numerous significant settlements for his clients and class

members totaling over $3 billion. *See id.* at ¶9. Recently, Mr. Cramer has achieved

substantial settlements in multiple antitrust class actions while serving as Co-Lead

Counsel, including, *e.g.*, *In re Dental Supplies Antitrust Litig.*, No. 1:16-cv-696

(E.D.N.Y.) (price-fixing case against dental supplies distributors that resulted in an

$80 million settlement); *In re Domestic Drywall Antitrust Litig.*, No. 13-md-2437

(E.D. Pa.) (price fixing case against drywall manufacturers that resulted in

settlements totaling more than $190 million); *Castro v. Sanofi Pasteur, Inc.*, No.

11-cv-7178 (D.N.J.) ($61.5 million settlement in antitrust matter involving the

monopolization of pediatric meningitis vaccines); *Marchbanks Truck Service Inc.

v. Comdata Network, Inc.*, No. 07-1078 (E.D. Pa.) ($130 million in cash settlement

plus valuable prospective relief in antitrust case relating to the over-the-road fleet

payment card market). Mr. Cramer is currently serving as co-lead counsel in

multiple class actions representing workers claiming that anticompetitive practices

have suppressed their pay, including cases on behalf of mixed martial arts fighters,

luxury retail workers, and chicken growers. *See Le v. Zuffa, LLC*, No. 15-cv-01045

(D. Nev.); *In re: Broiler Chicken Grower Antitrust Litigation*, MDL No. 6:20-

2977-RJS-CMR (E.D. Okla.); *Giordano, et al. v. Saks Incorporated, et al.*, No.

1:20-cv-00833 (E.D.N.Y.).

### 2.    Cotchett, Pitre & McCarthy LLP ("CPM")

CPM has an extensive history of litigating and trying complex cases in courts throughout the United States. CPM attorneys are widely recognized for their trial and complex litigation experience. CPM has served as lead counsel in antitrust class actions brought pursuant to the various state antitrust statutes, as well as in cases with claims brought directly under the Sherman Act.

The Firm has served in a leadership capacity in many of the largest and most complex antitrust class action cases in the country. For example, CPM has served with distinction as lead counsel in antitrust actions on behalf of classes of consumers who purchased automobiles with price-fixed components. *See In re Automotive Parts Antitrust Litigation,* Case No. 2:12-md-02311-SFC (E.D. Mich.) ("*Auto Parts*"). In *Auto Parts*, CPM has successfully recovered over $1 billion on behalf of consumer purchasers, in a case that the Department of Justice has called one of the biggest conspiracies in U.S. history. To CPM's knowledge, this is the largest recovery by consumer indirect purchasers in the history of private antitrust enforcement. Zapala Decl. ¶¶4-5. CPM and Adam J. Zapala were recently presented with the American Antitrust Institute's ("AAI") prestigious award for litigation of the year for its work in the case. *Id.* at ¶5.

CPM has also served in many other leadership positions in cases involving parties injured by anticompetitive conduct. For example:

- *In re Transpacific Passenger Air Transportation Antitrust Litigation*, 3:07-cv-05634-CRB (N.D. Cal.) ("*Transpacific*") (serving as co-lead counsel and recovering approximately $150 million);

- *Precision Associates v. Panalpina,* Case No. 1:08-cv-00042-BMCJG (E.D.N.Y.) ("*Freight Forwarders*") (serving as lead counsel and recovering over $400 million);

- *In re Capacitors Antitrust Litigation,* Case No. 3:14-cv-03264-JD (N.D. Cal.) ("*Capacitors*") (serving as lead counsel and recovering over $80 million);

- *In re Resistors Antitrust Litigation,* Case No. 3-15-cv-03820-JD) (N.D. Cal.) (*"Resistors"*) (serving as lead counsel and recovering over $30 million);

- *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 4:13-md-02420-YGR (N.D. Cal.) (serving as co-lead counsel and recovering over $100 million) ("*Batteries*");

- *In re Domestic Airline Travel Antitrust Litigation,* Case No. 1:15-mc-01404-CKK (MDL No. 2656) (D.D.C.) ("*Domestic Air*") (serving as lead counsel and thus far recovering $60 million in ongoing case);

- *In re Broiler Chicken Antitrust Litigation,* Case No. 1:16-cv-08637-TMD (N.D. Ill.) (serving as co-lead class counsel in ongoing case for a class of indirect commercial food preparers, such as restaurants);

- *In re Dynamic Random Access Memory (DRAM II) Antitrust Litigation,* Case No. 4:18-cv-03805-JSW (N.D. Cal.) (serving as co-lead counsel);

- *In re Static Random Access Memory (SRAM) Antitrust Litigation,* Case No. 4:07-md-01819-CW (N.D. Cal.) (serving as lead counsel);

- *In re International Air Transportation Surcharge Antitrust Litigation,* Case No. 3:06-md-01793-CRB (N.D. Cal.) (serving as co-lead counsel and recovering approximately $200 million);

- *In re Cathode Ray Tube (CRT) Antitrust Litigation,* 4:07-cv-05944-JST (N.D. Cal.) (serving on Executive Committee);

- *In re Optical Disk Drive (ODD) Antitrust Litigation,* 3:10-md-02143-RS (N.D. Cal.) (serving on Executive Committee).

CPM has also served in other leadership positions in complex antitrust class actions, including in Pennsylvania in the sprawling *Generic Drugs* antitrust litigation currently pending in the Eastern District, where CPM and Adam Zapala have been appointed to the plaintiffs' steering committee. *See In re Generic Pharmaceuticals Pricing Antitrust Litigation*, 2:16-md-02724-CMR (E.D. Pa.).

This vast array of experience has afforded CPM expertise in antitrust class actions. CPM has amassed insight into the nuances of managing complex cases. It has successfully addressed arguments and issues likely to be raised in motions to dismiss in this case, conducted extensive discovery of defendant entities, successfully moved for class certification utilizing econometric and statistical techniques to measure antitrust impact and injury, and negotiated large recoveries for injured plaintiffs. Consequently, CPM can efficiently and effectively manage this complex action and are well-situated to serve as Co-Lead Counsel.

***Adam J. Zapala***, who leads CPM's antitrust practice, has had primary responsibility for prosecuting many of the firm's highly complex class action antitrust cases listed in this application, such as *Transpacific*, *Auto Parts*, *Capacitors, Resistors, Qualcomm, Freight Forwarders, Domestic Air, Generic Drugs* and many others. Mr. Zapala has also served as lead counsel in a cutting-edge MDL privacy case, *In re Vizio Inc. Consumer Privacy Litigation*, Case No.

16-md-02693-JLS (C.D. Cal.), recovering $17 million, along with groundbreaking injunctive relief and significant business practice changes. The legal publication, *The Daily Journal*, recently named Mr. Zapala as one of the top 30 antitrust attorneys in all of California. A diverse team of attorneys at CPM will assist Mr. Zapala in the prosecution of this action, including CPM Partners Elizabeth Castillo and Tamarah P. Prevost, along with CPM associates, James Dallal and others. Zapala Decl. ¶28.

### C.     Proposed Co-Lead Class Counsel Will Commit the Substantial Resources Necessary to Prosecute this Action

Proposed Co-Lead Class Counsel can and will commit the resources to prosecute this case, including the funds necessary to pay the often-considerable expenses of a complex antitrust class action. Under Rule 23(g), the Court must consider whether the proposed lead counsel can dedicate very significant resources to advance the claims of the proposed class. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv).

This case seeks recovery for years of under-compensation, as well as important prospective relief to create a free and fair labor market going forward. If experience is a guide, Plaintiffs will likely face a lengthy and resource-intensive fight, as this lawsuit will likely include multiple expert reports on complex economic and industry issues, dozens of depositions, and the need to review, search through, and analyze the hundreds of thousands of documents and reams of data that Defendants will produce.

Defendants have the resources to hire, and have hired, world-class defense counsel to fight Plaintiffs' claims. Proposed Co-Lead Class Counsel understand the importance of these claims, both as a matter of legal principle and fairness, and as a matter of economics to Plaintiffs and the likely hundreds of members of the proposed Class who were injured by the alleged misconduct. As discussed above, Proposed Co-Lead Class Counsel have successfully led dozens of complex antitrust cases, and thus, Proposed Co-Lead Class Counsel have shown time and again the ability and willingness to commit the substantial resources, including the time of a roster of talented attorneys and capable professional staff, necessary to successfully litigate claims like these. Proposed Co-Lead Class Counsel intend to do the same here.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a case management order: (1) creating a consolidated docket for related actions against Defendants; and (2) appointing Berger Montague PC and Cotchett, Pitre & McCarthy, LLP as Plaintiffs' Interim Co-Lead Class Counsel.

Dated: March 5, 2021                    /s/ Eric L. Cramer

Eric L. Cramer (PA Bar No. 69289) (*Pro Hac Vice*)
Shanon Jude Carson (PA Bar No. 85957)
Mark R. Suter (PA Bar No. 322922) (*Pro Hac Vice*)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-4604
Fax: (215) 875-5707
ecramer@bm.net
scarson@bm.net
msuter@bm.net

Daniel J. Walker (*Pro Hac Vice*)
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Phone: (202) 559-9745
Fax: (215) 875-5707
dwalker@bm.net

Adam J. Zapala (*Pro Hac Vice*)
Elizabeth T. Castillo (*Pro Hac Vice*)
James G.B. Dallal (*Pro Hac Vice*)
Tamarah P. Prevost (*Pro Hac Vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
jdallal@cpmlegal.com
tprevost@cpmlegal.com

Alexander E. Barnett (*Pro Hac Vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
40 Worth Street, 10th Floor
New York, NY 10013
Phone: (212) 201-6820
abarnett@cpmlegal.com

*Attorneys for Plaintiffs Nichole Leib, Kevin Brokenshire, and Diane Weigley and the Proposed Class*

Dated: March 5, 2021                 */s/ Ira Neil Richards*

Ira Neil Richards (PA Bar No. 50879)
**SCHNADER HARRISON SEGAL & LEWIS LLP**
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103-7286
Phone: (215) 751-2503
irichards@schnader.com

Roberta D. Liebenberg (PA Bar No. 31738) (*Pro Hac Vice*)
Gerard A. Dever (PA Bar No. 85291) (*Pro Hac Vice*)
Mary L. Russell (PA Bar No. 58581) (*Pro Hac Vice*)
**FINE, KAPLAN, AND BLACK, R.P.C.**
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Phone: (215) 567-6565
rliebenberg@finekaplan.com
gdever@finekaplan.com
mrussell@finekaplan.com

*Attorneys for Plaintiff Jessica Sauer and the Proposed Class*

21

## CERTIFICATION PURSUANT TO LOCAL RULE 7.8(b)(2)

In accordance with Local Rule 7.8(b)(2) of the Rules of Court of the United States District Court for the Middle District of Pennsylvania, I certify that this **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF CASE MANAGEMENT ORDER NO. 1** contains 4,282 words, excluding the case caption, tables, counsel's signature block, this certification, and the certificate of service, as counted by Microsoft Word for Office 365.

*/s/ Eric L. Cramer*

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March 2021 a true and correct copy of **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF CASE MANAGEMENT ORDER NO. 1** was filed with the Court's Case Management/Electronic Case Filing System and served upon all counsel known to be representing the Defendants, including:

Chahira Solh
CROWELL & MORING LLP
3 Park Plaza, Ste. 20th Floor
Irvine, CA 92614-8505
Phone: (949) 798-1367
csolh@crowell.com

Stefan M. Meisner
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Phone: (202) 624-2500
smeisner@crowell.com

Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
MYERS BRIER & KELLY LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
Phone: (570) 342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com
rarmezzani@mbklaw.com

*Attorneys for Defendant Geisinger Health*

Norman Armstrong, Jr.
Christopher Yook
KING & SPALDING
1700 Pennsylvania Avenue
Washington, DC 20006
Phone: (202) 626-8979
narmstrong@kslaw.com
cyook@kslaw.com

Carol A. Steinour Young
Devin J. Chwastyk
MCNEES WALLACE & NURICK LLC
100 Pine Street, P.O. Box 1166
Harrisburg, PA 17108-1166
Phone: (717) 232-8000
csteinour@mcneeslaw.com
dchwastyk@mcneeslaw.com

*Attorneys for Defendant Evangelical Community Hospital*

*/s/ Eric L. Cramer*